**Paul ROBINSON, Plaintiff,**

v.

**William French SMITH, U.S. Attorney General; Judge William Webster, Director, FBI; Richard E. Long, Asst. Director, FBI; John L. Williamson, Personnel Officer, FBI; Toby M. Harding, Acting Personnel Officer, FBI; William Bradford Reynolds; S. Ray Burns, Personnel Officer, FBI; Special Agent Baccassio, FBI; Special Agent Taubert, FBI; Special Agent Jent, FBI, Defendants.**

No. 83–4163–CV–C–5.

United States District Court,
W.D. Missouri, C.D.

April 23, 1984.

Jimmie R. Nix, St. Joseph, Mo., for plaintiff.

Mark J. Zimmermann, Asst. U.S. Atty., Kansas City, Mo., William Burton, FBI, Jefferson City, Mo., for defendants.

## ORDER

SCOTT O. WRIGHT, District Judge.

Pending before the Court is defendant's motion to dismiss. Plaintiff has filed a complaint alleging that he was the victim of employment discrimination by the Federal Bureau of Investigation. Specifically, plaintiff alleges that he was subject to reverse discrimination while he was a trainee at the National F.B.I. Academy in that training standards were applied in a manner so that females and minority trainees were not held to the same standards as male Caucasian trainees. Defendant argues that this Court lacks subject matter jurisdiction because plaintiff failed to exhaust administrative remedies, and because plaintiff's claim is time-barred. For the following reasons, defendant's motion will be granted.

Plaintiff's complaint, filed May 4, 1982, alleges that plaintiff encountered discriminatory treatment at the National F.B.I. Academy in October and November of 1978. Although the record reveals that the plaintiff sent letters to numerous public officials complaining of his treatment, the plaintiff failed to pursue any administrative remedy.

In *Brown v. General Services Administration*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976), the Supreme Court held that § 717 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16, provides the exclusive judicial remedy for claims of discrimination in federal employment. *Id.* 96 S.Ct. at 1969. The Supreme Court described the administrative and judicial enforcement system created by § 717 as follows:

Section 717(b) and (c) establish complementary administrative and judicial enforcement mechanisms designed to eradicate federal employment discrimination. Subsection (b) delegates to the Civil Service Commission full authority to enforce the provisions of subsection (a) 'through appropriate remedies, including reinstatement or hiring of employees with or without back pay,' to issue 'rules, regulations, orders and instructions as it deems necessary and appropriate' to carry out its responsibilities under the Act, and to review equal employment opportunity plans that are annually submitted to it by each agency and department.

Section 717(c) permits an aggrieved employee to file a civil action in a federal district court to review his claim of employment discrimination. Attached to

that right, however, are certain preconditions. Initially, the complainant must seek relief in the agency that allegedly discriminated against him. He may then seek further administrative review with the Civil Service Commission or, alternatively, he may, within 30 days of receipt of notice of the agency's final decision, file suit in federal district court without appealing to the Civil Service Commission. If he does appeal to the Commission, he may file suit within 30 days of the Commission's final decision. In any event, the complainant may file an action if, after 180 days from filing the charge or the appeal, the agency or Civil Service Commission has not taken final action. *Id.* 96 S.Ct. at 1967. All functions under § 717 originally vested in the Civil Rights Commission were transferred to the Equal Employment Opportunity Commission. *See* 29 C.F.R. §§ 1613.201–.283. A complaint which is not timely filed under § 717(c) must be dismissed. *Brown, supra,* 96 S.Ct. at 1969.

In response to defendant's motion to dismiss, plaintiff states that while "the great weight of authority and case law is against plaintiff Robinson, it is argued that the equitable powers of this Court and the Equal Protection Clause of the United States Constitution afford plaintiff Robinson an available remedy." Plaintiff's suggestions in opposition to defendant's motion to dismiss at 2.

██ Although the plaintiff's argument may be appealing, the Supreme Court's decision in *Brown* would preclude such a result as it was recognized that § 717 provides the exclusive remedy for claims of discrimination in federal employment, and that the administrative enforcement system and time requirements must be complied with. Because the plaintiff has not met the prerequisites of § 717, this Court lacks subject matter jurisdiction. Accordingly, it is hereby

ORDERED that defendant's motion to dismiss is granted. Each party is to bear its own costs.